[No. 3112.  Decided January 24, 1899.]

*In the Matter of the Application of* JAMES E. MANEY *and*
WILLIAM ALLEN *for a Writ of Habeas Corpus.*

HABEAS  CORPUS—EXTRADITION—CONVICTED  PRISONERS  OF  SISTER
STATE IN CUSTODY WITHIN THIS STATE.

Extradition laws governing the detention and delivery of
fugitives from justice have no application to the case of con-
victed prisoners of another state, who are passing through this
state in the custody of an officer of the state in which they were
convicted.

Habeas corpus for the release of a convicted prisoner under
the judgment of a court of a sister state, who is brought within
the boundaries of this state by an officer in charge on his way
to the penitentiary of the sister state, will not lie, under § 1 of
art. 4 of the constitution of the United States requiring full
faith and credit to be given in each state to the judicial proceed-
ings of every other state, when it appears by a duly authenti-
cated record that the judgment of conviction was properly ren-
dered and the prisoner legally sentenced.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.   Affirmed.

*James L. Crotty,* and *F. C. Robertson (William H.
Reid,* of counsel), for appellants.

*Forster & Wakefield,* and *A. K. Sedgwick,* for respond-
ents.

The opinion of the court was delivered by

DUNBAR, J.—The appellants were convicted of the
crime of murder, in the district court of Idaho for Koot-
enai county.   One of them was sentenced on his own con-
fession, and the other was regularly convicted and sen-
tenced.   The topographical condition of the country is
such that it is a physical impossibility to convey prisoners
from Kootenai, in Idaho, to the penitentiary at Boise City,

without passing through the state of Washington. While they were in charge of the officer duly qualified to convey them to the penitentiary and were passing through Spokane county, in this state, an application was made in their behalf for a writ of habeas corpus, alleging in the petition that they were illegally restrained of their liberty by Charles Van Dorn, the Idaho officer, who was conveying them to the penitentiary, and who had neither process nor warrant valid in this state, nor cognizable under the laws of this state, authorizing him so to do, and the petitioners were illegally deprived of their liberty within this state. Upon the trial by the superior court of Spokane county the writs were denied, and petitioners were remanded to the custody of the sheriff of Spokane county pending the decision of this court in the premises.

It is insisted by counsel for appellants that the only way in which these petitioners can be legally held in this state is under the extradition laws based on § 2 of article 4 of the constitution of the United States, which provides that a person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime. But we do not think that the admitted facts in this case show that there is any question concerning fugitives from justice who have escaped from any other jurisdiction, but that the appellants are simply appealing to the courts of this state to aid them in escaping.

It was held in the *Matter of Fetter,* 57 Am. Dec. 382, that the power of arresting and detaining offenders against the laws of other countries exists of necessity, independent of constitutional provisions or treaty obligations. It is equally necessary to the administration of justice and to protection of society that the state courts must have power

to prevent the state from becoming an asylum for murderers and other criminals. This much in the interest of the state within whose boundaries the criminal appears, outside of the law of comity which exists between different states. Section 1 of article 4 of the constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state; and further provides that Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof. Now, Congress did provide, as is shown by § 905 of the Revised Statutes of the United States, the manner in which the records and judicial proceedings should be authenticated. The proceedings in this case were authenticated according to such enactment. The only object in suing upon a judgment from one state in another state is for the purpose of determining whether or not such judgment was rendered in the sister state, and, if so, whether it was rendered with proper jurisdictional authority. When that fact is ascertained, full faith and credit will be given to such judgment. Now, in this case it is not denied that judgment of conviction was rendered against these defendants. In fact, it is admitted that they were legally convicted of the crime of murder and legally sentenced. The ascertainment of the fact of the proper and jurisdictional judgment having been entered in the Idaho courts, then, being eliminated from this case by confession, there is nothing for the court to do but to give credit to the judgment of the Idaho court, and, if such credit be given in spirit, the demands of the appellants must be denied.

It is contended by the appellants that the court has no jurisdiction to order them now returned into the custody of the keeper. But it was the appellants who appealed to the jurisdiction of the courts of this state, and they cannot

now be heard to say that the court has not jurisdiction to proceed to a complete determination of the case.

The judgment will be affirmed, and the superior court instructed to return the appellants to the care of the officer from whom they were taken when the writ was applied for.

GORDON, C. J., and FULLERTON and ANDERS, JJ., concur.